HARTLEY (TALBOTT v.). See Case No. 13,732.

HARTLEY v. UNITED STATES. See Case No. 1,581.

## Case No. 6,163.

HARTMAN v. The WILL.

[4 Pa. Law J. Rep. (1872) 350; 2 Am. Law J. (N. S.) 111.]

District Court, E. D. Pennsylvania.

SALE OF VESSEL BY MASTER—TITLE UNDER SUCH SALE.

1. It is well settled that the sale of a ship by the master, to be sustained by a court of admiralty, must be enjoined by a policy so clear as to be equivalent to a moral necessity.

[Cited in The Raleigh, 37 Fed. 126.]

2. One who accepts title under a captain's sale must see that his title is without taint or just cause of suspicion.

3. The captain is an agent from necessity and his conduct will be closely scanned.

4. On the question of the integrity of the sale, the captain's evidence is vital to the claimant's case.

In admiralty.

G. M. Wharton and R. R. Smith, for libellants.

Ed. Waln, for respondent.

KANE, District Judge. The brig Will, belonging to the libellant [John Hartman], and employed for the time as a transport in the service of the United States, was driven upon the beach near Sacrificios in the Gulf of Mexico, by the "norther" of the 20th March, 1847. The part of the shore on which she lay was within the lines of the American army, to which Vera Cruz surrendered on the 29th of the same month. On the first of April she was surveyed by two shipmasters at the captain's request, and on their recommendation she was sold on the same day by an auctioneer, who derived his commission from the commander-in-chief of the forces. The hull sold for $180, and the rigging, &c., for $135. The purchaser succeeded in getting her off, and conducted her to New Orleans, where she was repaired, and a new register having been obtained for her from the custom house,—by what authority is not in proof,—she was transferred by formal bill of sale to Messrs. Andrews and Dewey, the present claimants, for the sum of $2750. Having subsequently prosecuted a voyage to Philadelphia, she was arrested here on the 20th of July last, at the instance of the former owners, who now seek to recover possession of her.

The sale, it is conceded, is to be regarded as a sale by the captain, and the claimants are purchasers with notice, whose title is of course identical with that of their vendors. If the proceedings at Vera Cruz did not divest the ownership of the libellant, he is entitled to a decree. The law is fully settled that the sale of a ship by the master, passes no right whatever, unless it is enjoined by policy so clear and obvious as to be equivalent to a moral necessity, and unless it has been conducted in entire good faith. The existence of this necessity is an element of the purchaser's title, not a circumstance to be presumed from the integrity of the transaction, but to be proved as an independent fact. The bona fides of the sale is of course an equally important element; but this under ordinary circumstances will be presumed; or to speak more accurately, the law will not impute mala fides, where there is no evidence of imposition or collusion, or of such want of care as implies a disregard of the owner's interests. Yet it is the business of him who accepts title under a captain's sale, to look carefully into the fairness of the whole dealings, for a very little matter may devolve on him the necessity of sustaining it by proof. He must see to it, not merely that his bargain will pass the ordinary inspection of the market, without being condemned as tainted, but that it is without reproach or just suspicion. He buys of one to whom the owner has not delegated the power of sale, and who derives his authority from a combination of facts, some of them indeed notorious, but the extent and force of others known for the time only to the party selling.

The captain in passing away the owners' title to a ship is an agent constituted by necessity. If he has the means of reserving his vessel, he has no right to sell her. If he has opportunity of communicating with his owners, or their agent, without periling the property in the mean time, he has no right to anticipate their instructions. He knows, or ought to know, better than any one else what is the condition of his vessel, what injuries she has sustained, and to what extent she may be further injured by continued exposure, what means of rescue are at his command, what is the efficiency of his crew and the goodness of his tackle, what moneys he has, and what moneys he can procure, with which to engage assistance from others, where his owners live, and who are their nearest correspondents. The purchaser therefore relies even for the evidence of that necessity, which is the basis of his title, upon the perfect good faith of the master. And rightfully shipowners have no security for the return of their property from the "remote regions of the sea," but in that principle of the universal law maritime, which looks to the muniments of their title, when verified by national authority, as controlling notice of ownership to all the world. In the absence of express sanction from the owner it must be a clear necessity that justifies even the hypothecation of a ship for the purpose of enabling her to complete her voyage; a necessity even more stringent must be invoked to vindicate the abandonment of the voyage and the unauthorized alienation of

the ship together, to give validity to either transaction, the most perfect good faith should preside over it, in its inception and throughout its progress.

In the case before me, the libellant denies both the necessity of the sale and the good faith of the master; and he has adduced proof on both points, by depositions which passed publication several months before the hearing. The claimants on the other hand have examined numerous witnesses to show that the sale was perfectly fair, that the necessity for it could not be averted by the means at the captain's command, and that it would have been hazardous to postpone it. I have examined these voluminous proofs since the very able arguments which were made upon them by the counsel on both sides before me; and if they included all the evidence of which the case is susceptible, or which the court has the right to ask for, I confess that the inclination of my mind would be toward sustaining the sale. But there is wanting to the case of the claimants, as now presented, a very important item, in the absence of which, unexplained, I cannot decide in their favor. It is the evidence of the captain himself.

I have already indicated the circumstances, indispensable to the establishment of the claimants' title, which are best known to the captain only. Besides these, the depositions show that he is in possession of the surveyors' report, which recommended the sale; the general recollections of one of the surveyors, testified to after the lapse of eight months, do not adequately supply the want of this document. Not that the report itself would be primary evidence to support the sale; but as a record made by a witness at the time of the transaction, it would serve to refresh or to correct his memory, and increase greatly the value of his testimony. But above all, on the question of the integrity of the sale directly put in issue by the libellant, the captain's evidence is vital to the claimants' case. I can scarcely imagine a state of circumstances in which the rights of a litigant party being absolutely dependent on the good faith of a third person, that good faith can be regarded as adequately vindicated against assault, without an appeal to his conscience, if he be alive and accessible. I therefore sustain the libel; and regarding the claimants as affected by the want of good faith in the sale at Vera Cruz, I am indisposed to recognize a credit in their favor for the amount expended by them in the salvage or melioration of the vessel. This question, however, not having been fully discussed at the hearing, I will, if the proctor for the claimants desires it, entertain a motion for a rehearing of this branch of the case. I adjudicate against his clients with the less reluctance; inasmuch as being now advised of what I esteem the defects of their case, they will be enabled to supply them so far as the truth shall warrant, should they see proper to invoke the revisory action of the circuit court. Decree for libellant.

NOTE. Vide Robinson v. Commonwealth Ins. Co. [Case No. 11,949]; Pope v. Nickerson [Id. 11,274]; The Lucinda Snow [Id. 8,591]; Scull v. Briddle [Id. 12,569]; Skrine v. The Hope [Id. 12,927]; The Tilton [Id. 14,054].